# MAY 2002 CALENDAR

**From: The District Court of the 15th Judicial District. County of Sheridan.**

| | |
|---|---|
| **STATE OF MONTANA,**<br>    **Plaintiff,** | **No. 1001** |
| **vs.** | **Decision** |
| **KENNETH W. BAKER,**<br>    **Defendant.** | |

On April 19, 1999, the defendant was sentenced to Eighty (80) years in the Montana State Prison, with Forty (40) years suspended, for the offense of Sexual Assault, a felony. The defendant was ordered to complete both Phase I and II of the Sex Offender Program at the prison before being parole eligible.

On May 2, 2002, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Larry Nistler. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or

18

increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are sufficient to hold that the sentence imposed by the District Court is clearly excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be modified to Fifty (50) years in the Montana State Prison, with Twenty-five (25) years suspended, continuing in effect the parole eligibility restriction that the defendant complete both Phase I and Phase II of the Sex Offender Treatment Program at Montana State Prison. It is the Board's request that the Montana State Prison attempt to enroll the defendant in the next phase of sex offender treatment as soon as possible, and assist him in completing that treatment to the best of his abilities, given the limitations of his abilities.

The sentence as originally imposed does not provide an opportunity for the defendant to enroll in Phase II of the Sex Offender Treatment Program at Montana State Prison for a period of years, but rather requires that he simply wait out his time. Therefore, it does not afford an opportunity for rehabilitation by completion of Phase II and then follow through with the compliant levels of sex offender treatment in the community. The Board also has determined that its conclusion that this sentence is clearly excessive is made in the absence of any plainly stated reasons for the present sentence imposed upon the defendant at his original sentencing.

Done in open Court this 2nd day of May, 2002.

DATED this 28th day of May, 2002.

Acting Chairperson, Hon. Katherine R. Curtis; Member, Hon. Marc Buyske and Alt. Member, Hon. John Whelan.